IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 2 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-00845-ZLW

SHANE BURDEN,

    Plaintiff,

v.

C. HEMPELMAN, # 20985, Acting Under Color of Law in There [sic] Offical [sic] Capacity, and
B. VONFELDT, # 884, Acting Under Color of Law in There [sic] Offical [sic] Capacity,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Shane Burden is incarcerated in the Colorado Department of Corrections and currently is housed at the Arkansas Valley Correctional Facility. On August 11, 2006, Plaintiff filed a *pro se* document titled "Newly Discovered Evidence." The Court must construe the document liberally because Mr. Burden is a *pro se* litigant. *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the document as a Motion to Reconsider and deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

Mr. Burden's Motion was filed more than a year after the Court's July 19, 2005, Order and Judgment of Dismissal. Therefore, the Motion is construed as filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice in part because Mr. Burden's claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Complaint and action also were dismissed in part as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). In the Motion, Plaintiff sets forth unintelligible statements and attaches an affidavit by a Detective R. B. Wood regarding his arrest in Westminster, Colorado, on June 23, 2004.

Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Burden fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that Plaintiff's document titled, "Newly Discovered Evidence," filed on August 11, 2006, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this 21 day of August, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-00845-ZLW

Shane Burden
Prisoner No. 62763
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  8/22/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk